UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

    v.                                                                          Cr. No. 05-454 (RWR/JMF)

**DONALD SHACKELFORD,**

    **Defendant.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant, Donald Shackelford, be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. A package containing a chemical precursor to lysergic acid diethylamide (LSD), which was addressed to an address in Panama, was inadvertently delivered to San Francisco, California. Federal authorities in San Francisco discovered this package and began an investigation. As a result of that investigation, San Francisco authorities contacted the Dutch authorities on the island of St. Maarten and suggested that they monitor the importation of chemicals to the island.

2. On August 29, 2005, the Dutch authorities on St. Maarten monitored the delivery and pick-up of a package containing a chemical precursor to LSD. The defendant

picked-up the package and signed for it using his alias, Scott Neavill.

3. Pursuant to a search warrant for defendant's residence, the Dutch authorities discovered, among other things, what was later determined to be an LSD lab, unused blotter paper (a device for the delivery of LSD), a partially used sheet of blotter paper that later tested positive for LSD, and shipping records for lab equipment and various chemical precursors to LSD.

4. In December 2004, the United States Customs and Border Protection (CBP) intercepted a Fedex package destined for a Ryan Eaton in New Orleans, Louisiana, sent from a company and address associated with defendant in St. Maarten. The package weighted five-hundred grams and contained blotter sheets that tested positive for LSD. The blotter sheets contained a thunderbird style logo that matched a logo found on blotter paper seized from defendant's residence in St. Maarten.

5. CBP notified the New Orleans authorities who conducted a controlled delivery of the package to Ryan Eaton. During a search of Ryan Eaton's residence, the New Orleans authorities found the package hidden behind a bathroom door.

6. Based on an airline ticket issued in defendant's name, it appears that he previously made a short trip to New Orleans, during which he returned to St. Maartens on the same day that he had arrived in New Orleans.

7. A grand jury returned an indictment against the defendant for conspiracy to manufacture and distribute ten grams or more of LSD for the purpose of unlawful importation into the United States.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. § 3142(g) compels the conclusion that there is a preponderance of evidence that defendant's release on any condition or combination of conditions will not reasonably assure his appearance as required and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are determined to present a serious risk of flight may be detained pursuant to 18 U.S.C. § (f)(2)(A). If there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, detention is appropriate. 18 U.S.C. § (e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

3

        e.        Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

    4.        The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is a preponderance of evidence[1] that release on any condition or combination of conditions will not reasonably assure defendant's appearance as required and his detention is, therefore, appropriate. Defendant has presented no evidence to rebut the presumption that detention is necessary in this case. Defendant has no real ties to the United States. Specifically, he has shown no employment history, has almost no roots in this country, and was arrested in St. Maarten. Moreover, defendant's extensive criminal record, his apparent comfort traveling internationally, and the nature of the alleged offense, conspiracy to manufacture and distribute LSD for importation into the United States, contribute to this court's determination that he must be detained in order to ensure his appearance at trial.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Because the defendant has little ties to the United States, absolutely no connection to the Washington, D.C. area, and because I cannot find anything to mitigate the conclusion that this individual poses a serious risk of flight, I find by a preponderance of the evidence that there are no conditions or combination of conditions I could set which would

---

[1] See United States v. Xulam, 84 F.3d 441, 442 ( D.C. Cir. 1996).

reasonably assure his appearance as required. I will, therefore, order the defendant detained without bond pending trial.

                                                    _____
                                                    **JOHN M. FACCIOLA**
                                                    **UNITED STATES MAGISTRATE JUDGE**

**January 5, 2006**