UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America_____

                                )                   Crim. No. 05-454-01 (RWR)

                                )

          versus               )

                                )

Donald Dean SHACKLEFORD,      )

_____Defendant_____ )

MOTION TO VACATE ORDER
HOLDING DEFENDANT WITHOUT BOND

      Defendant, through undersigned counsel, hereby moves the Court to vacate the previously-imposed order holding defendant without bond pending trial in the above-referenced case.  Defendant represents as follows:

      1.  Defendant and codefendant Jeffrey Viola are charged principally with Conspiracy to Distribute and Possess with intent to Distribute, for the purpose of illegal importation into the United States, the controlled substance LSD (lysergic acid diethylamide) in excess of 10 grams.[1]  It is alleged that defendants committed this offense from a base in Sint Maarten, Netherlands Antilles.  Under the bail laws which apply specially to offenses involving controlled substances, there is a statutory presumption in favor of detention for defendants who face ten or more years of incarceration under the particular statute.  For the instant offense, defendants face a statutory mandatory term of ten years at a minimum, with a potential sentence up to life in prison.  He has been held without bond since Dec. 23, 2005, when he was presented in court before Mag. Judge John M. Facciola.  Judge Facciola ordered defendant held without bond pending the a detention hearing which the government requested under Title 18 U.S.C. §3142(f)(1)(c).

---

[1] The indictment further charges both defendants in the second count with Aiding and Abetting, in violation of  Title 18 U.S.C. §2.

Then, following a detention hearing held on Dec. 29, 2005, ordered him held without trial under Title 18 U.S.C. §3142(e)(1).   The court found that defendant could not rebut the presumption that the statute creates in favor of detention in cases involving offenses which carry at least ten (10) years of incarceration under the Controlled Substances Act (Title 21 U.S.C. §841 et. seq.).   A detention Memorandum, dated and filed Jan. 5, 2006, provided written findings of fact and conclusions of law, culminating with the order of detention.

2.   Defendant believes that he can present to the Court a plan for his release which would rebut the statutory presumption in favor of detention.  In short, he believes there are conditions of release which would both assure the safety of the community and eliminate the possibility that he would flee from the jurisdiction or otherwise fail to appear for subsequent court hearings.

3.   Defendant contends that he cannot adequately defend himself and, if necessary, prepare for trial with the assistance of his counsel, unless he has access to a scientific library.  Some materials, he believes, are available only online, through Internet search services.  The esoteric issues which pertain to the alleged manufacture of LSD, including but not limited to the obtaining and use of precursor chemicals such as ergotamine, defendant avers he cannot research while detained.  The District of Columbia Jail, in which he is detained, has a law library but no scientific resources useful in this kind of case.

4.   Defendant recognizes that his lack of ties to the Washington metropolitan area militates against his release.  He would be amenable to halfway house placement except that a lengthy waiting period often attends the placement of detainees and the possibility

that halfway house authorities might not permit him to leave the facility to visit libraries and work on his defense.  He therefore suggests that the Court permit him the following arrangement: Defendant's fiancée, Jessica Jacquin, who now lives in Boulder, Colorado, subject to her agreement, would move to Washington, D.C., and live here temporarily while defendant awaits trial or resolution of this case.  She would have local (landline) telephone service installed in the residence.   Having such service is essential to and prerequisite for the High Intensity release program of the Pretrial Services Agency; it is used randomly to ascertain a defendant's compliance with a pretrial curfew condition. Ms. Jacquin, to the best of defendant's knowledge, has not been implicated in the instant investigation.  Defendant would observe a curfew which would limit his movement to daylight (business) hours and require his return by dusk.  Defendant would also be subject to regular drug testing through the Pretrial Services Agency.

3.  Though defendant has prior convictions, it does not appear from the Pretrial Services Agency report which was prepared on Dec. 23, 2005, that defendant has failed to make court appearances in his previous cases.

4.  For these reasons, defendant moves the Court to vacate the order of detention previously imposed by Magistrate Judge Facciola and order his release subject to the conditions proposed above.

This pleading is,

Respectfully submitted,

NATHAN I. SILVER/#944314
P.O. Box 5757
Bethesda MD 20824-5757
(301) 229-0189 (voice & fax)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served this 7th day of March, 2006, upon John Gillies, Esq., Asst. U.S. Attorney, U.S. Department of Justice, and upon Jonathan Jeffress, Esq., Asst. Federal Public Defender, Office of the Federal Public Defender, by electronic filing.

_____

*Nathan I. Silver*